UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDITH IGLESIAS<br><br>  Plaintiff,<br><br>v.<br><br>BOROUGH OF CLIFFSIDE PARK, *et al.*,<br><br>  Defendants | 12-CV-7612-WJM<br><br>MEMORANDUM<br>OPINION & ORDER |

This matter comes before the Court on *pro se* Plaintiff Edith Iglesias's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will **DENY** the motion.

On January 19, 1999, Ms. Iglesias purchased a home located at 360 Gorge Road in Cliffside Park, New Jersey. Apparently, in 2005 the zoning board of Cliffside Park granted a variance allowing townhouses to be construed at 350 Gorge Road, next door to Iglesias. At some point, Iglesias claims, Cliffside Park gave Iglesias's easement rights to the owners of 350 Gorge Road. Iglesias alleges that the private construction on 350 Gorge Road made her own driveway unsafe. She also alleges that Cliffside Park improperly assessed her property taxes, and that Cliffside Park inspectors approved faulty construction on her property so as to allow contractors to "cash out."

Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." District courts have "broad discretion" to decide whether requesting counsel is appropriate, may request counsel at any point in the litigation, and may do so *sua sponte*. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As an initial matter, the Court must first determine if the party seeking counsel has an underlying case with arguable merit in fact and law. *Id*. at 498-99. Once the claim has passed that threshold, the Court then considers the following list of criteria to assess whether requesting counsel would be appropriate: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to

which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id*. at 499. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Id.*

While some of Iglesias's claims appear to lack merit, it is conceivable that Iglesias might be able to state a claim for an impermissible taking under the Fifth Amendment.  As such, the Court finds that *sua sponte* dismissal is not warranted.

Nevertheless, the Court finds that it would not be appropriate to appoint *pro bono* counsel at this juncture.  First, Iglesias has already demonstrated an ability to perform the necessary factual investigation.  She has provided the Court with property deeds, reports from consultants and engineers, and a survey report from a professional land surveyor.  Second, while Iglesias might have difficulty pursuing this case by herself, it appears that she is being helped by her daughter Nancy Iglesias, who has a power of attorney.

For the foregoing reasons and for good cause shown;

**IT IS** on this 19th day of February 2013, hereby,

**ORDERED** that the Iglesias's application for *pro bono counsel* is **DENIED.**  The Court is willing to entertain a subsequent motion for *pro bono counsel* at a later stage of this case.

       /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**