UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDITH IGLESIAS<br><br>    Plaintiff,<br><br>v.<br><br>BOROUGH OF CLIFFSIDE PARK, *et al.*,<br><br>    Defendants | 12-CV-7612-WJM<br><br>**MEMORANDUM OPINION & ORDER** |

This matter comes before the Court on *pro se* Plaintiff Edith Iglesias's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will **DENY** the motion.

On January 19, 1999, Iglesias purchased a home located at 360 Gorge Road in Cliffside Park, New Jersey. Apparently, in 2005 the zoning board of Cliffside Park granted a variance allowing townhouses to be construed at 350 Gorge Road, next door to Iglesias. At some point, Iglesias claims, Cliffside Park gave Iglesias's easement rights to the owners of a four-unit condominium located at 350 Gorge Road. Iglesias alleges that the private construction on 350 Gorge Road made her own driveway unsafe. She also alleges that Cliffside Park improperly assessed her property taxes, and that Cliffside Park inspectors approved faulty construction on her property so as to allow contractors to "cash out."

On December 12, 2012, the day she filed her Complaint, Iglesias also filed an application for *pro bono* counsel. ECF No. 2. The Court denied the application because Iglesias had demonstrated an ability to perform the necessary factual investigation and because Iglesias was receiving assistance in the case from her daughter. ECF No. 4. The Court explained that it would be willing to revisit the *pro bono* counsel issue at a later date.

On March 15, 2013, Defendants filed answers to the Complaint. ECF Nos. 7-8. On June 11, 2013, the Honorable Mark Falk issued a scheduling order providing that discovery would end on September 11, 2013. ECF No. 13. Iglesias requested an extension, and Judge Falk ordered that the discovery deadline would be moved to October 18, 2013. ECF No. 15. On October 28, 2013, Judge Falk again extended discovery, this time until December 20, 2013. ECF No. 17. On January 6, 2014, Judge Falk again extended discovery, this time until February 20,

so that Iglesias could have additional time to serve her expert report.  ECF No. 18.  On February 25, 2014, after learning that Iglesias has recently served discovery responses containing new facts and contentions, as well as an expert report that relied on previously undisclosed material, Judge Falk again extended the discovery deadline.  ECF No. 20.  Judge Falk ordered that expert reports be served by May 20, 2014, and that expert discovery be completed by June 20, 2014.  On May 5, 2014, Defendants filed a letter informing Judge Falk that they would not be able to meet the May 20, 2014 deadline because Iglesias was not permitting their expert to inspect her property.  ECF No. 22.

On May 12, 2014, and then again on May 21, 2014, Iglesias filed a second application for *pro bono* counsel.  ECF Nos. 23-24.  In her application, Iglesias explains that counsel for Defendants has been uncooperative during the discovery phase.  Iglesias represents that she has completed a fact investigation but she needs an attorney "to have this case resolved."  Iglesias represents that she cannot afford an attorney.  Along with her application for *pro bono* counsel, Iglesias has provided that Court with an expert report signed by Jon Brody of Appraisal Consultants Corp.  ECF No. 24-3.  In his report, Brody writes:

> While undertaking this assignment a number of legal related questions arose between me and my client.  I requested that my client retain legal counsel to assist in some of my tasks.  We approached an attorney with a diverse practice and following extensive conversations he elected not to get involved in this matter.  Under the circumstances of time and following a discussion with our client she elected to proceed without my requested special counsel.

ECF No. 24-3 at 6 of 11.  Brody concludes that from 2005, when the property at 350 Gorge Road was being constructed.  However, Brody represents that he is unsure whether 2005 is the proper date for determining damages under the law.  Finally, Brody suggests that Iglesias's case resembles another case he was involved in where a different plaintiff prevailed on a similar claim.

Besides from Brody's report, Iglesias also attaches a letter from Engineering and Land Planning Associates, Inc. concluding that that work performed at 350 Gorge Road violated an existing easement shared by Iglesias and the owner of 350 Gorge Road.  That easement, the letter explains, was recorded in 1958 and granted share egress over a driveway between single family homes.  The letter explains that the easement was necessary to give a reasonably sloped driveway on both properties.  The letter also explains that the easement did not provide that the driveway could be expanded or regraded.  Yet, the letter explains that "[t]he regarding has . . . made it difficult, if not impossible, to use [Iglesias's] garage . . .

." The letter states that the construction at 360 Gorge Road has reduced Iglesias's easement rights and that it has regarded to her driveway to an incline of 16%, which is "beyond acceptable engineering practice." Finally, the letter states that "if Borough approval was granted for this driveway, the approval was granted both in violation of the Borough's own ordinances and with disregard for the rights of Ms. Iglesias as specified in the easement." ECF No. 24-4.

Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." District courts have "broad discretion" to decide whether requesting counsel is appropriate, may request counsel at any point in the litigation, and may do so *sua sponte*. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As an initial matter, the Court must first determine if the party seeking counsel has an underlying case with arguable merit in fact and law. *Id.* at 498-99. Once the claim has passed that threshold, the Court then considers the following list of criteria to assess whether requesting counsel would be appropriate: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 499. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Id.*

It appears that Iglesias lacks the legal understanding of condemnation law to answer questions relating to damages and potentially other issues. And it is plain that this case will require testimony from expert witnesses. However, it seems that Iglesias has been able, on her own, to identify and hire such experts. Most importantly for purposes of the Court's analysis, it is unclear why Iglesias has been unable to obtain counsel given that her experts apparently believe she has a meritorious claim. Iglesias maintains she cannot afford an attorney, but she has apparently been able to hire experts. Save for mentioning that she spoke with a lawyer who declined to take her case, Iglesias does not explain what other efforts, if any, she has undertaken to retain counsel.

Finally, while Iglesias believes she needs a lawyer because opposing counsel has been shirking discovery obligations, the Court finds that Iglesias can, on her own, bring to the Court's attention any problems she is having with the discovery process. Considering all of the facts and circumstances, the Court finds that it is not proper to grant Iglesias's application for a *pro bono* attorney at this time.

For the foregoing reasons and for good cause shown;

4

**IT IS** on this 10th day of June 2014, hereby,

**ORDERED** that the Iglesias's application for *pro bono counsel*, filed on the docket at ECF Nos. 23-24, is **DENIED.** The Court is willing to entertain a subsequent motion for *pro bono counsel* at a later stage of this case.

    /s/ William J. Martini    
**WILLIAM J. MARTINI, U.S.D.J.**
