# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDITH IGLESIAS,** | Civ. No. 2:12-cv-07612 (WJM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **BOROUGH OF CLIFFSIDE PARK PLANNING BOARD**, *et al.*, | |
| **Defendants.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

This matter comes before the Court *pro se* Plaintiff Edith Iglesias' request to reopen the time to file an appeal from a judgment in favor of Defendants. For the reasons set forth in this opinion, Iglesias' request is **DENIED**.

## I.   BACKGROUND

In 2012, Iglesias filed a complaint against the Borough of Cliffside Planning Board and a number of other Defendants alleging, *inter alia*, violations of the Fifth Amendment and common law easement rights. On May 4, 2015, this Court granted summary judgment in favor of Defendants. After entering judgment, this Court mailed Iglesias a copy of its opinion and judgment. Iglesias concedes that the mailing was postmarked on May 5, 2015; however, she claims that she "never got the Federal court letter until June 3 – 2015[;] that's when [she] went to [her] P.O. Box…" (Self Reported Incident Report, annexed to plaintiff's application for extension of time to appeal, ECF 39, p.4).

Because Iglesias alleges that she did not "receive" the judgment in a timely fashion, the Court construes her letter as a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

## II.    DISCUSSION

Under Rule 4(a)(6), a District Court may in its discretion reopen the time to file an appeal for a period of 14 days only if it finds that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry."   Fed R. App. P. 4(a)(6)(A).   For purposes of Rule 4(a)(6)(A), a document is "received" when it arrives at the litigant's mailbox. *See Wynn v. United States,* No. 12-6694, 2014 WL 2711963 at *1 (citing *Khor Chin Lim v. Courtcall, Inc.,* 683 F.3d 378, 380 (7th Cir. 2012)).   Consistent with that rule, a litigant may not defer "receipt" of a document simply by failing to check her mailbox. *See Khor Chin Lim*, 683 F.3d at 380. Iglesias' account of the facts does not suggest that the mailing arrived at her P.O Box more than 21 days after judgment was entered.   Instead, her request indicates that she did not become aware of the mailing until she checked her P.O. Box on June 3, 2015.   She does not, for example, allege that she checked her P.O. Box between the date that the judgment was mailed (May 5, 2015) and the date that she claims to have read its contents (June 3, 2015).   If anything, Iglesias' request merely demonstrates her own lack of diligence in checking her mail. *See In re WorldCom, Inc. v. MCI WorldCom Communications, Inc.,* 708 F.3d 327, 336 (2nd Cir. 2013) ("There is nothing in the history of the rules… to suggest that the drafters sought to provide relief when the fault lies with the litigants themselves.")   This Court therefore lacks discretion to reopen the time to file Iglesias' appeal.

## III.    CONCLUSION

For the foregoing reasons, Iglesias' request is **DENIED**.   An appropriate order follows.

/s/ William J. Martini<br>
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  June 29, 2015**